# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
May 19, 2009 Session

## STATE OF TENNESSEE v. TEDDY RAY MITCHELL

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 06CR464     John Dugger, Jr., Judge**

**No. E2008-02672-CCA-R3-CD - Filed March 31, 2010**

NORMA MCGEE OGLE, J., dissenting.

I respectfully disagree with the majority's conclusion that the evidence was not sufficient to sustain the defendant's conviction for disorderly conduct. The majority correctly notes that Tennessee Code Annotated section 39-17-305(a)(1) provides that an individual commits disorderly conduct when that individual "in a public place with the intent to cause public annoyance or alarm, engages in . . . threatening behavior." The majority concludes that the video recordings of the incident "belies the officers' testimony in very significant ways." The majority concedes that the defendant, with a raised voice, belligerently argued with officers regarding his ability to bring his flagpole into the rally. However, the majority maintains, that the defendant did not made "any specific verbal threats" and that the officers did not testify that they felt threatened by the defendant. Further, the majority states that, contrary to the witnesses' testimony, the videos do not reflect that the flagpole came into contact with Officer Wallen "at all." Therefore, the majority concludes that "[t]he videos are void of any actions of the Defendant that could be deemed physically threatening."

The record reflects that the events at issue at trial stemmed from an anti-illegal immigration rally held on the grounds of the Hamblen County Courthouse which 300 to 500 people were expected to attend. The defendant, already "irate and mad" after being told by officers he must not park his car in a prohibited area, proceeded at a "fast pace," visibly upset, toward the entry gate where officers were gathered. At the gate, officers told the defendant, who was carrying a flag on a long pole with an eagle topping one end, that he could bring his flag into the rally but that he would have to remove the flag from the pole and leave the pole outside the premises, explaining that all rally participants were prohibited from bringing flagpoles or items that could be used as weapons into the rally. The defendant, who was "very irate," began to "rant and rave" about the prohibition, and, according to an

officer's testimony, he shook the flagpole up and down "in a threatening manner." Officer Wallen said that during the defendant's "rant," the defendant "pok[ed]" or "prodd[ed]" him in the chest two or three times with the eagle end of the flagpole. Deputy Lane testified that the defendant was acting in an "actively aggressive" manner.

In my view, the videos of the incident are not inconsistent with the officers' testimony. The videos show that the eagle end of the defendant's flagpole came into contact, albeit briefly, with Officer Wallen during the incident. When the defendant was informed he could not bring his flagpole into the rally, he became confrontational, loudly taunting the officers to get the attention of other rally attendees, getting into the officers' faces, and prodding Officer Wallen with the flagpole. Additionally, the videos show that a crowd was gathering around the defendant, shouting encouragement to him. The jury viewed the videos and heard the testimony of the witnesses. I would conclude that a reasonable trier of fact could have found that the defendant's behavior was threatening. See State v. Roberts, 106 S.W.3d 658, 663 (Tenn. Ct. App. 2002); State v. Alecia Diane Cooper, No. M2006-02618-CCA-R3-CD, 2007 WL 2350097, at *7 (Tenn. Crim. App. at Nashville, Aug. 14, 2007); State v. Kenneth D. Melton, No. M1999-01248-CCA-R3-CD, 2000 WL 1131872, at **6-7 (Tenn. Crim. App. at Nashville, Aug. 4, 2000). Further, I would conclude that the remainder of the defendant's issues are without merit and would therefore affirm the defendant's conviction.

_____
NORMA McGEE OGLE, JUDGE